United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 14, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-60015
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

THOMAS SPELL,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 1:04-CR-23

_____

Before GARWOOD, JONES and SMITH, Circuit Judges.

PER CURIAM:[*]

Thomas Spell appeals his jury-trial conviction for knowingly possessing a computer containing images of child pornography that had been shipped or transported in interstate commerce by means of computers.[1] Spell's sole contention on appeal is that the evidence

_____

[*]Pursuant to 5TH CIR. R. 47.5 the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] The single count indictment alleges that:

"On or about September 25, 2003, in the Northern District of Mississippi, THOMAS SPELL and JOHN DAVID BAKER, defendants, aided and abetted by each other, did knowingly possess a computer containing images of child

at trial was insufficient to support his conviction because the testimony of certain witnesses was not credible.[2]

Because Spell unsuccessfully moved for a judgment of acquittal at the close of the Government's case and at the close of the evidence the standard of review in assessing his sufficiency challenge is "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). The testimony and evidence challenged by Spell is not facially such as to compel the conclusion that no reasonable juror could properly credit it, and it did not "relate[] to facts the witness[es] could not possibly have observed or to events which could not have occurred under the laws of nature." *United States v. De La Rosa*, 171 F.3d 215, 221 (5th Cir. 1999) (quotation marks omitted). Accordingly, we will not disturb the credibility determinations of the jury. *See id*.

AFFIRMED.

---

pornography that had been shipped and transported in interstate commerce by means of computers, in violation of Title 18, United States Code, Sections 2252A(a)(5)(B) and 2256(8)(A)."

Named co-defendant Baker pled guilty, pursuant to a plea agreement, and testified for the Government.

[2] Spell does not contend that the testimony of the Government witnesses, *if* believed, together with the exhibits, is insufficient to support the verdict.

2